IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ASHOK V. SHAH,<br><br>   Plaintiff,<br><br> v.<br><br>ADECCO,<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>) Civ. No. 08-249-SLR<br>)<br>)<br>)<br>) |

Ashok V. Shah, New Castle, Delaware, pro se Plaintiff.

Jennifer Gimler Brady and Sarah E. DiLuzio, Esquires, Potter, Anderson & Corroon LLP, Wilmington, Delaware. Counsel for Defendant.

**MEMORANDUM OPINION**

Dated: February 5, 2010
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

Ashok V. Shah ("plaintiff"), proceeding pro se, filed suit in the Superior Court of the State of Delaware against Adecco USA, Inc. ("defendant") alleging employment national origin discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"). (D.I. 1) On April 29, 2008, defendant removed the case to this court. (*Id.*) Presently before the court is defendant's motion for summary judgment and plaintiff's request for an extension of time to complete discovery (D.I. 16; D.I. 19)

## II. BACKGROUND

This employee discrimination case is essentially a continuation of this court's decision in *Shah v. Bank of America*, 598 F. Supp. 2d 596 (D. Del. 2009). That case involved a discrimination claim brought by plaintiff against Bank of America ("BOA"), who had hired him temporarily through a staffing agency. The court held that plaintiff was not employed by BOA, making Title VII inapplicable. *Shah v. Bank of America*, 598 F. Supp. 2d at 603. Even assuming plaintiff was a BOA employee and that he established a prima facie case of national origin/race discrimination, this court found that BOA provided a legitimate non-discriminatory reason for terminating his temporary employment, which plaintiff did not show was pretextual. *Id.* at 605. On appeal, the Third Circuit affirmed solely on the ground that plaintiff was not a BOA employee. *Shah v. Bank of America*, No. 09-1652, 2009 WL 2883441, *2 (3d Cir. Sept. 10, 2009). This case involves the same incident but, now, plaintiff asserts his claim against defendant, the temporary staffing agency.

Plaintiff is a U.S. citizen and resident of Delaware, of Indian national origin. (D.I.

1, ex. 1 at 5-6) Defendant is a nationwide temporary staffing agency with a branch office in Delaware. (D.I. 17 at 3) On September 8, 2006, defendant hired plaintiff as an at-will employee to work in various capacities for defendant's clients on a temporary basis. (*Id.* at 4) Defendant's clients determine the scope and duration of a temporary assignment, as well as any required qualifications which the temporary employee must posses. (*Id.* at 3) When hired, plaintiff signed a document acknowledging that defendant did not guarantee the duration of any assignment, and the duration may be decreased at the request of defendant or its client. (D.I. 17, ex. 8 at A8)

Plaintiff's first work assignment was with BOA, the temporary placement at issue in this case. (D.I. 17 at 4) Following an interview and background check by BOA, plaintiff was approved to begin the assignment on December 4, 2006. (*Id.*) The assignment, which was to last until December 29, 2006, lasted only four hours. (*Id.* at 5) On the morning of December 4, 2006, plaintiff arrived at the BOA office and reported to Michelle Durso ("Durso"), his contact at BOA. (D.I. 17 at 4) A few hours later, Durso contacted Lisa Pisano ("Pisano"), a Client Program Manager for Adecco, and informed Pisano that BOA was ending plaintiff's assignment because he had violated BOA policies on a previous occasion. (D.I. 18 at A13) Pisano asked Durso to have plaintiff call her so she could convey the message. (*Id.*) When plaintiff called, Pisano informed him that he was ineligible to work at the BOA site, the temporary assignment was terminated, and he was to leave BOA's premises. (D.I. 17 at 5)

Later that day, plaintiff reported to defendant's office and spoke with Office Supervisor Yamaris Esquillin, who explained that he was still an Adecco employee and eligible to work for other Adecco clients. (*Id.*) For several years following his removal

from the BOA assignment, plaintiff contacted defendant periodically to remain eligible for future placements. (*Id.* at 5-6) At one point, defendant offered plaintiff a data entry position which plaintiff declined because, as an accountant, he felt overqualified. (*Id.* at 5) Defendant has never terminated plaintiff's employment. (*Id.*)

On July 27, 2007, plaintiff filed a complaint in the Superior Court of Delaware against defendant alleging national origin discrimination under Title VII. (D.I. 1, ex. 1 at 5) Defendant was served with the complaint on March 31, 2008 and, on April 29, 2008, it removed the case to this court. (D.I. 17 at 1) Defendant filed the present motion for summary judgment on June 15, 2009. (D.I. 16) In his answering brief, plaintiff requested an extension of time for discovery. (D.I. 19 at 1) Briefing on summary judgment was completed on July 24, 2009. (D.I. 20)

## III. STANDARD OF REVIEW

A court shall grant summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of proving that no genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 n.10 (1986). When determining whether a genuine issue of material fact exists, the court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007). "Facts that could alter the outcome are 'material,' and disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with

3

the burden of proof on the disputed issue is correct." *Horowitz v. Federal Kemper Life Assurance Co.*, 57 F.3d 300, 302 n.1 (3d Cir. 1995) (internal citations omitted).

If the moving party has demonstrated an absence of material fact, the nonmoving party then "must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e)). However, a party opposing summary judgment "must present more than just 'bare assertions, conclusory allegations or suspicions' to show the existence of a genuine issue." *Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 594 (3d Cir. 2005) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). To survive a motion for summary judgment, plaintiff cannot rely merely on the unsupported allegations of the complaint, and must present more than the "mere existence of a scintilla of evidence" in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). With respect to summary judgment in discrimination cases, the court's role is "to determine whether, upon reviewing all the facts and inferences to be drawn therefrom in the light most favorable to the plaintiff, there exists sufficient evidence to create a genuine issue of material fact as to whether the employer intentionally discriminated against the plaintiff." *Blozis v. Mellon Trust of Delaware Nat'l Ass'n*, 494 F. Supp. 2d 258, 267 (D. Del. 2007) (quoting *Hankins v. Temple Univ.*, 829 F.2d 437, 440 (3d Cir. 1987)).

4

## IV. DISCUSSION

When no direct evidence of discriminatory animus is presented, courts analyze a plaintiff's Title VII claims pursuant to a pretext theory of discrimination, applying the *McDonnell Douglas* burden shifting analysis. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Pursuant to *McDonnell Douglas*, plaintiff has the initial burden to establish a prima facie case of discrimination. *Id.* at 802. If plaintiff succeeds in establishing a prima facie case, the burden shifts to defendant to proffer a "legitimate non-discriminatory" reason for its actions. *See Woodson v. Scott Paper Co.*, 109 F.3d 913, 920 n.2 (3d Cir. 1997). If defendant meets this burden, the burden again shifts to plaintiff to demonstrate, by a preponderance of the evidence, that the defendant's rationale is pretextual. *McDonnell Douglas*, 411 U.S. at 804.

### A. Prima Facie Case of Discrimination

To establish a prima facie case of national origin discrimination, plaintiff must show that: (1) he is a member of a protected class; (2) he suffered some form of adverse employment action; and (3) this action occurred under circumstances that give rise to an inference of unlawful discrimination such as might occur when a similarly situated person not of the protected class is treated differently. *Jones v. School Dist. of Philadelphia*, 198 F.3d 403, 410 (3d Cir. 1999). The elements of a prima facie case may vary depending on the facts and context of the particular situation. *See Pivirotto v. Innovative Sys. Inc.*, 191 F.3d 344, 352 (3d Cir. 1999). Defendant argues that plaintiff fails to establish the second and third elements of his prima facie case.

### 1. Adverse employment action

Defendant argues that plaintiff suffered no adverse employment action from any act by defendant; if adverse employment action was suffered at all, it was at the hand of BOA. (D.I. 17 at 9) BOA terminated the temporary assignment, as it was entitled to do under plaintiff's contract, and defendant contends it was obligated to comply with BOA's request to remove plaintiff. (*Id.* at 10) Defendant asserts it never terminated plaintiffs employment, it continued to offer plaintiff assignments, and plaintiff has at all times remained eligible for work. (*Id.*)

Plaintiff does not respond to this argument in his answering brief. Plaintiff alleges only that the December 4, 2006 incident affected his ability to obtain work assignments from other agencies, and that defendant interfered with a potential assignment on September 25, 2007. (D.I. 19 at 1) Unfortunately, plaintiff's complaint alleges discrimination only on December 4, 2006. (D.I. 1 at 5) In fact, the alleged interference in 2007 occurred two months after July 27, 2007, the date plaintiff filed the complaint in this action. (D.I. 1 at 5; D.I. 19 at 1)

Title VII states "[i]t shall be an unlawful employment practice for an **employer** . . . to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1) (emphasis added). The Third Circuit defines "an adverse employment action" under Title VII as "an action by an **employer** that is serious and tangible enough to alter an employee's compensation, terms, conditions, or privileges of employment." *Storey v. Burns Intern. Sec. Serv.*, 390 F.3d 760 (3d Cir. 2004) (emphasis added) (citations

6

omitted).

In *Shah v. Bank of America*, this court held that BOA was not plaintiff's employer, a holding the Third Circuit affirmed. *See Shah v. Bank of America*, 2009 WL 2883441 at *2. Rather, defendant is plaintiff's employer, who never discharged plaintiff. The alleged discrimination–removal from the BOA assignment–did not alter the terms, conditions, or privileges of plaintiff's employment with defendant. Plaintiff was still an active Adecco employee who was eligible for new assignments. Plaintiff's compensation is presumably established on an assignment by assignment basis, a scheme unaltered by the alleged discrimination. The only possible adverse action was the premature termination of plaintiff's assignment, which was done by BOA (as it was entitled to do) and not by defendant. As a result, the court finds no adverse employee action on the part of defendant under Title VII or Third Circuit case law.

### 2. Circumstances that give rise to an inference of unlawful discrimination

Defendant argues that plaintiff cannot show circumstances that give rise to an inference of unlawful discrimination, since his removal from the BOA assignment by defendant was not motivated by his national origin, but by BOA's request. (D.I. 17 at 10) Defendant also argues that plaintiff fails to establish that a similarly situated person outside the protected class was treated differently, since he identifies no comparator. (*Id.*) Last, defendant argues that the same BOA employee, Pisano, both hired plaintiff and terminated his assignment, and under Second and Ninth Circuit case law, there is a strong inference against unlawful discrimination in this situation. (*Id.* at 11); *see Schnabel v. Abramson*, 232 F.3d 83, 91 (2d Cir. 2000); *Coleman v. Quaker Oats Co.*,

7

232 F.3d 1271, 1288 (9th Cir. 2000); *Grady v. Affiliated Cent., Inc.*, 130 F.3d 553, 560 (2d Cir. 1997).

Even without applying case law from another circuit, this court finds no showing of circumstances raising an inference of unlawful discrimination; plaintiff presents no evidence to this effect. No evidence in the record indicates that national origin was a factor in defendant's removal of plaintiff from the BOA site. Defendant simply followed BOA's request to remove plaintiff and the BOA employee who terminated his assignment was unaware of plaintiff's national origin. *See Shah v. Bank of America*, 598 F. Supp. 2d at 605. Nor has plaintiff presented evidence of a similarly situated comparator outside his protected class who was treated differently.

No argument for an inference of unlawful discrimination can be discerned from plaintiff's answering brief. The closest is plaintiff's allegation that Adecco exploits people from India by placing them as "temp-to-hire" employees. (D.I. 19 at 1) But plaintiff makes no showing that non-Indian employees are labeled differently, or even that he was labeled "temp-to-hire" for the BOA assignment. The rest of plaintiff's arguments are challenges to BOA's reasons for dismissing plaintiff, which have no bearing on defendant's decision to comply with BOA's request. (*Id.* at 2)

### B. Legitimate Non-Discriminatory Reason and Pretext

Assuming plaintiff established a prima facie case of discrimination, defendant bears the burden of showing a legitimate non-discriminatory reason for its actions. *See Woodson*, 109 F.3d at 920 n.2. If defendant does so, plaintiff has the burden, by a preponderance of the evidence, to show the proffered reason is a pretext. *Id.* To do this, plaintiff must "point to some evidence, direct or circumstantial, from which a

8

factfinder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action." *Fuentes v. Perskie*, 32 F.3d 759, 764 (3d Cir. 1994). "[T]o avoid summary judgment, the plaintiff's evidence rebutting the employer's proffered legitimate reasons must allow a factfinder reasonably to infer that each of the employer's proffered non-discriminatory reasons was either a post hoc fabrication or otherwise did not actually motivate the employment action (that is, the proffered reason is a pretext)." *Harding v. Careerbuilder, LLC*, 168 F. App'x 535, 537 (3d Cir. 2006) (citations omitted).

Defendant argues it acted with a legitimate, non-discriminatory reason: following its client's requests to remove plaintiff. (D.I. 17 at 11) Defendant further claims that plaintiff has not, and cannot, establish that this reason is pretextual. (*Id.* at 12) Plaintiff argues that a particular BOA employee, Nancy Weeks ("Weeks"), filed a false complaint against him which was the basis for BOA's termination of his assignment. (D.I. 19 at 2) BOA's reliance on Weeks's false allegation, plaintiff argues, is a pretext to cover up discrimination. (*Id.*) This court found, however, that the prior difficulties with Weeks are a legitimate and non-discriminatory justification for BOA's termination. *See Shah v. Bank of America*, 598 F. Supp. 2d at 605.

Regardless, Weeks's alleged dishonesty has no bearing on whether defendant's reason for removing plaintiff from the BOA site was legitimate and non-discriminatory. This court found BOA's reason for the dismissal legitimate in *Shah v. Bank of America*, and it follows that defendant's choice to comply with BOA's request is legitimate and non-discriminatory. In truth, plaintiff makes no allegation that defendant's reason is a

9

pretext, only that BOA's is. Even if Weeks were dishonest, an allegation supported by no evidence in the record, defendant was still complying with its client's request. Plaintiff's conclusory allegation is insufficient to lead a fact finder "to reasonably disbelieve the [defendant's] articulated legitimate reasons" or "believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the [defendant's] action." *Fuentes*, 32 F.3d at 764. Plaintiff presents no evidence that defendant's choice was motivated by his national origin. "Without evidence to support plaintiff's claim, his generalized belief that he has been subject to unlawful discrimination does not establish a case for discrimination under Title VII." *Seabrook v. Gadow*, No. Civ. 01-802-SLR, 2003 WL 21383719, at *7 (D. Del. June 10, 2003). Consequently, the court finds a legitimate non-discriminatory reason for defendant's removal of plaintiff, which plaintiff has not shown to be a pretext.

## V. CONCLUSION

Based upon the foregoing analysis, the court will grant defendant's motion for summary judgment.